**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAIVE MICKEVICIUTE,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 00-9535
(No. A72-453-377)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Daive Mickeviciute seeks review of the final decision by the Board of Immigration Appeals (BIA) affirming the immigration judge's decision to deny petitioner's request for asylum. Our jurisdiction over this matter arises under 8 U.S.C. § 1105a(a) (1996). [1] We affirm.

Petitioner, a citizen of Lithuania, entered the United States as a business visitor on June 12, 1991, and overstayed her visa. In response to a show cause order, petitioner conceded deportability and applied for asylum on November 14, 1992. After a hearing, the immigration judge issued a decision on May 16, 1994, denying petitioner's request for asylum on the ground that she had not shown a reasonable fear of persecution. The BIA dismissed petitioner's appeal on September 1, 2000, agreeing that she had not shown a reasonable fear of persecution if deported.

We review the BIA's determination of eligibility for asylum under a substantial evidence standard. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). The BIA's decision will be upheld unless petitioner's evidence is so compelling

---

[1] On September 30, 1996, the President signed into law the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546, which limited our authority to review immigration decisions. The new provisions do not apply here, however, because the INS initiated petitioner's deportation proceedings before IIRIRA's effective date of April 1, 1997. *See id.* § 309(c)(1). Although IIRIRA's transitional rules do apply, *id.* § 309(c)(4); *Berehe v. INS*, 114 F.3d 159, 161 (10th Cir. 1997), they do not preclude judicial review, as the proceedings in this case are not of the type listed in § 309(c)(4)(E) or (G).

that no reasonable factfinder could fail to find her eligible for asylum.    *See id.* at 481 n.1, 483-84.

Applying these standards, we conclude the BIA's decision is supported by substantial evidence.  Petitioner argues that the BIA erred in viewing her economic persecution claim as arising solely from poor country conditions, thereby ignoring evidence that she feared persecution based on her political opinion.  This is not an accurate characterization of the BIA's decision, however.

The BIA recognized that petitioner was arguing that she feared economic persecution based on her political opinion, but rejected this argument on the grounds that (1) although many people were in the same position as petitioner there were no documented reports of low-ranking party members being persecuted after independence; (2) many members of Parliament are former members of the communist party to which petitioner belonged; (3) her claim that she would be persecuted by former members of the Lithuanian communist party and folk groups was undermined by her membership in those organizations; and (4) there was no evidence that Sajudis or pro-Russia supporters would target someone in petitioner's position.  The BIA's subsequent comment that asylum should not be granted based on economic hardship relating to poor country conditions or general civil unrest simply bolstered its decision, and was not a statement that petitioner's

application was based solely on these conditions. [2] Because the BIA did not ignore undisputed evidence, and because petitioner's evidence does not compel a finding that she is eligible for asylum, the decision will be upheld.

The decision by the Board of Immigration Appeals is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2]    In addition, petitioner inaccurately describes the evidence presented at the hearing. Petitioner testified only that she would not be able to get employment "because their unemployment rate is so high." Aplt. App. at 57. Although she then made some type of statement that "the people that they trust . . . can't get the jobs," *id.*, it is unclear what she is referring to, and we need not accept her post hoc representation that this statement meant that she would not get a job based on her political opinions.

Also, petitioner's witness did not directly testify that petitioner would be unable to get a job because of her political beliefs, stating instead that petitioner would run into trouble "when she starts working again." *Id.* at 76. The closest the witness got to a direct statement regarding economic persecution was her testimony that she was unsure whether petitioner would find work, that in attempting to get work she would come into contact with her former coworkers and would "get right into the center of all these events," and that she would be hampered by her stay in the United States. *Id.*